Truman H. Miner, Defendant in Error, v. George V. McIntyre, Plaintiff in Error.

Gen. No. 17,348.

1. ASSUMPSIT, ACTION OF—*when action for money had and received will not lie.* When an attorney receives less than his agreed fee on compromising a suit therefor against his client, the client claiming to be liable to another attorney for the balance of the agreed fee, the money is paid and received as money of the first attorney and the other cannot recover from him as for money had and received for such other's use.

Error to the Municipal Court of Chicago; the Hon. ROBERT N. SCOTT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed with finding of fact. Opinion filed October 1, 1912.

JOHN A. McKEOWN, for plaintiff in error.

JAMES E. GILLIS, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Defendant in error sued plaintiff in error, claiming that money was due him under a written contract which he set out in his original statement of claim. The contract was not offered in evidence. At the conclusion of the testimony, defendant in error filed an amended statement of claim, averring that plaintiff in error was indebted to him for money had and received for the use of defendant in error.

Judgment for $37.50 was entered against the plaintiff in error on a finding by the court.

Upon consideration of the evidence, we do not think that it justified a recovery on the ground of money had and received. The evidence does not make out a case against the plaintiff in error, showing that the money he collected from Robertson in settlement of

his suit against Robertson for fee, or any part of it, was due to defendant in error. The evidence does not prove that Robertson paid the money to plaintiff in error for the use of defendant in error. The evidence shows that Robertson retained the plaintiff in error to conduct a case against one Graves for personal injuries, and that Robertson agreed to pay plaintiff in error $100 fee for his services in the case. It became necessary for plaintiff in error to sue Robertson to recover for his fee. The suit was compromised without a trial and the plaintiff in error was paid $62.50 for his claim of $100; the difference of $37.50 was deducted by agreement between Robertson and the plaintiff in error upon the contention of Robertson that he expected to have to pay defendant in error $37.50. There can be no recovery on the ground of money had and received for use of another when the money was paid and received as money of the one receiving it. The judgment is reversed with a finding of fact.

*Reversed with a finding of fact.*